IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED U.S. DISTRICT COURT SAVANNAH DIV.
2016 SEP 26 AM 9:42
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| LEONARDO LEVETTE McMILLAN, | ) |
| Petitioner, | ) |
| vs. | ) 4:12CR17 |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

MOTION TO DISMISS INDICTMENT AND SUPRESS EVIDENCE
FOR LACK OF JURISDICTION AND GOVERNMENTAL MISCONDUCT

Comes now the above named Petitioner who proceeds pro se and hereby respectfully moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 12(b)(B)(3), to dismiss the indictment and guilty plea conviction in the above captioned cause for a lack of jurisdiction.[1] For the good cause shown, the relief sought should be granted in the fundamental interest of justice and fair procedures.[2]

---

[1] Because Petitioner is proceeding pro se in the instant pleading, he adopts the liberal construction standards enunciated in Haines v. Kerner, 404 U.S. 519 (1972), and moves the Court to invoke the correct procedure for Petitioner to obtain the prospective relief sought.

[2] The relief sought is primarily based upon the newly found fact that the informant who the Government used to entrap/set up Petitioner was/is not a United States citizen. Thus, the instant pleading rest upon a defect instituting the prosecution which requires suppression of evidence.

1

## JURISDICTION

Jurisdiction is invoked upon this Court pursuant to Federal Rules of Criminal Procedure 12(b) et. al. The Rule reads in relevant part a motion alleging the court lacks jurisdiction may be made at any time. Id.

Considering Petitioner's pro se status as it relates to federal laws, rules and procedures, it is Petitioner's contention that the deadline or consequences for not making a timely motion, defense, request and/or objection (Rule 12(c)) should be extended for the good cause shown *infra*. Petitioner thus request the Court to extend any deadline and consider the defense, objection and request of Petitioner.

## PROCEDURAL HISTORY

A federal grand jury indicted McMillan on a total of 14 counts representing various violations of drug, firearm, and counterfeiting statutes. Petitioner pleaded guilty to two firearms counts: possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).

The district court sentenced Petitioner to a term of 120 months on the § 922(g) count, to run consecutively to a 60 months sentence on the § 924(c) count, for a total term of 180 months.

Through counsel, Petitioner timely appealed the judgments imposed in the district court were affirmed by the United States Court of Appeals for the Eleventh Circuit.

## STATEMENT OF THE FACTS

This case arose from a sting operation led by undercover agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives who operated out of an undercover location (a warehouse) in Savannah, Georgia. The warehouse was equipped with audio and visual recording devices. Petitioner was alleged to have engaged in eight transactions where he sold guns and drugs to undercover agents in exchange for cash.

But what was not known in this case, is that, not only was the prosecuting attorney (Cameron Ippolito) and lead case agent (Louis Valoze) in an intimate/unethical relationship, but the government informant who was used to "set-up" Petitioner was falsely alleged by the lead case agent and sanctioned by the prosecutor lover, if you will, to have been a legal United States citizen.

It is for these false accounts and foregoing compelling reasons that Petitioner respectfully request suppression of evidence and dismissal of the indictment in this case.

## DISCUSSION

Petitioner contends that the essence of the liberty interest guaranteed by due process clauses of the Fifth Amendment to the United States Constitution has been implemented to protect individuals from arbitrary, capricious and unreasonable governmental action and conduct.

In the case sub judice, that which was apparently hidden came to the light. Stated more succinctly, what has become known to the masses is that prosecuting attorney Cameron Ippolito and lead case agent Louis Valoze were in an extramarital relationship for many years.

The two ultimately covered each other's backs while Ippolito directed Valoze to give potentially false and misleading testimony, *inter alia*, to establish probable cause to support probable cause for the return of indictments; establish a factual basis for the acceptance of defendant's guilty pleas; as well provided false statements to a government agency to secure a visa for a government informant coupled with having presented such falsities before the Federal Grand Jury to secure an indictment against Petitioner and others.

The issue does not primarily rest upon the alleged benefits provided to the government's informant, nor the affair between Agent Valoze and AUSA Ippolito; rather, the issue at hand hinges

upon the potentially false and misleading testimony presented to the Grand Jury to obtain the Indictment in this case. Because the Indictment returned by the Federal Grand Jury was premised in part upon known false evidence presented by a government agent and sanctioned by a government attorney, such outrageous conduct deprived Petitioner of his fundamental rights to due process of law from the outset and warrants dismissal of the indictment in this case.

With respect to the informant's non-citizenship, it is important to note that the United States Department of Homeland Security can provide an "S Visa" to a non-citizen who has assisted a law enforcement agency as a witness or an informant, permitting them to retain in this country on account of that assistance. Only a federal or state law enforcement agency, or a United States Attorney's Office, may submit a request for an "S Visa." An "S Visa" is issued for three years, and no extensions are granted. If the individual completes the terms of his "S Visa," then the law enforcement agency may later submit an application for permanent residence (a "green card") on the individual's behalf.

During the court of the Operation Thunderbolt and Operation Pulaski, Agent Valoze worked closely with an informant. That informant identified numerous targets for the operations, and he brought many of those targets to the ATF storefronts. The informant **was** not a U.S. citizen, and, in May **2012**, the ATF filed its request

that the informant be granted an "S Visa" on account of the assistance he provided and continued to provide.

Surprisingly, the application for the informant's "S Visa" was prepared by Agent Valoze and AUSA Ippolito themselves. That application required disclosure, under penalty of perjury, of every potential ground for inadmissibility of the informant, including prior criminal conduct, even that conduct of which the informant was merely accused and not convicted.

The application prepared by Agent Valoze and AUSA Ippolito failed to disclose the informant's felony warrants for commercial gambling and counterfeiting, his apparent thefts from the ATF's storefront in Brunswick while serving as an informant, and his prior arrests for domestic violence. The grounds for inadmissibility was apparently known by Agent Valoze and AUSA Ippolito, and to whom went on further to represent in the application that the informant had been granted pretrial diversion on account of his cooperation, but failed to disclose the fact that he had been removed from the diversion program based on significant criminal conduct that continued during his work for law enforcement.

The outrageous conduct was particularly critical in this case where the government's informant did not have the proper legal documentation to establish his status as a citizen of the United States; yet, it is because the government's informant was not

considered to be a naturalized citizen of the United States that any and all evidence gathered from said informant must be suppressed.

The majority of law enforcement officers who commit misconduct tend to think they can keep their actions hidden, and frequently their fellow officers will try to help them in this effort. However, no group of human beings is completely immune from the human condition, and there will always be some law enforcement officers who act dishonestly and dishonorably, and who try to hide their misconduct.

The Constitution appears to have been an impediment to the agent and prosecutor in this case which made their jobs harder. So dodging the Constitution's commands allowed both government agents to find their dishonorable acts acceptable in violating the rights of Petitioner. This was an affront to as well as an assault on justice and a blind eye should not be turned to the unconstitutional, blatant and unethical conduct which deprived Petitioner of his substantive and fundamental rights to due process of law.

## CONCLUSION

Wherefore, premises considered, it is prayerfully requested that the Court enters an order suppressing the evidence and/or dismiss the Indictment in the above captioned cause for the unethical and outrageous government misconduct initiated before the Federal Grand Jury proceedings and throughout the entire investigative period of Petitioner's case in chief.

Hence, the prospective relief sought should be granted in the fundamental interest of justice and fair procedures.

Respectfully submitted,



Leonardo McMillan, pro se



8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Motion to Dismiss Indictment and Suppress Evidence by placing the same in a properly addressed envelope with First Class postage pre-paid by U.S. Mail to ensure delivery upon:

> United States Attorney's Office
> Southern District of Georgia
> Post Office Box 8970
> Savannah, Georgia 31412

So said and done this 23 day of Sept, 2016.

*Leonardo L. McMillan*
Leonardo McMillan
GDC# 850768
Jenkins Correctional Facility
3404 Kent Farm Drive
Millen, Georgia 30442

9

Office of the Clerk
Southern District of Georgia
Post Office Box 8286
Savannah, Georgia   31412

    Dear Clerk, please find enclosed the original and 1 copy of the foregoing motion. Also for your convenience, please find enclosed a SASE, upon filing my pleading, would you be kind enough to forward me a stamp filed copy of the same. For I kindly thank you in advance for your most noble assistance in this matter.

Leonardo K. [illegible]
I.D.C. #850768
Jenkins Correctional Facility
3404 Kent Farm, Drive
Allen, Georgia, 30442

Macon PMDC XX 310
23 SEP 2015 AM

Office of the Clerk
Southern District of Georgia
Post Office Box 8286
Savannah, Georgia 31412