FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2019 AUG -5 PM 12: 12

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LEONARDO LEVETTE MCMILLAR,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NOS. CV418-259<br>           CR412-017 |

# O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 26), to which objections have been filed (Doc. 27). After a careful de novo review of the record, the Court concludes that Movant's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. As a result, the Government's motion to dismiss (Doc. 18) is **GRANTED** and Movant's 28 U.S.C. § 2255 Petition is **DENIED**. In addition, Movant is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In the report and recommendation, the Magistrate Judge recommends dismissal of Movant's 28 U.S.C. § 2255 petition both as untimely and on the merits. (Doc. 26 at 8.) In his

objections, Movant continues to argue that the petition is timely because "the one year time limit under the AEDPA has not yet even begun to run, because it would run only from the Government's disclosure to [Movant], which it has yet to do" (Doc. 27 at 5-6) and that the Government "had a duty to disclose Brady information pre-plea" due to its open file policy and the Court's local rule (Id. at 10).

Even assuming arguendo that Movant's petition is timely, Movant has failed to raise any meritorious argument that extricates him from his voluntary plea of guilty. Movant continues to argue that he is entitled to relief because the lead prosecutor and case agent engaged in an extramarital affair during the time Movant faced prosecution. However, the Magistrate Judge is correct that the Government is not required to disclose this information prior to the entry of a guilty plea. See United States v. Ruiz, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."). The Supreme Court stated that "impeachment information is special in relation to the **fairness of a trial**, not in respect to whether a plea is voluntary ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." Id. at 629 (emphases in original).

By pleading guilty, a defendant waives the right to a fair trial and the concomitant right to exculpatory impeachment material. See Id. While such information may have made Movant "more aware . . . of the likely consequences of a plea, waiver, or decision, . . . the Constitution does not require the prosecutor to share all useful information with the defendant." Id. Moreover, the record clearly indicates that Movant "[had] not been coerced or influenced to offer to plead guilty; that the plea [was] made voluntarily with an understanding of the charges and the consequences of the plea." (CR412-017, Doc. 77 at 26:23-27:7.) Additionally, during the plea colloquy, Movant stated, in his own words, the conduct that he engaged in that supported his plea of guilty. (Id. at 31:20-32:15.) Movant has failed to raise any meritorious argument that extricates him from his voluntary plea of guilty.

SO ORDERED this 5th day of August 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA